**Luis MEDINA–PRIAZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 13–70357.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 16, 2014.

Alma David, Rios & Cruz, P.S., Seattle, WA, for Petitioner.

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regina Byrd, Esquire, OIL, Daniel Shieh, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Luis Medina–Priaz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion for a continuance of his removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including constitutional claims. *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny the petition for review.

The BIA applied the correct legal standard and provided a reasoned explanation for its decision denying Medina–Priaz's motion for a two-year continuance to await the passage of immigration-reform legislation, where the BIA invoked the applicable "good cause" legal standard and cited pertinent legal authorities. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir.2011) ("[A]n IJ 'may grant a motion for continuance for good cause shown.'" (citation omitted)); *see also Mendez–Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir.2009) (concluding that the agency applied the correct legal standard in a case where the agency "expressly cited and applied [relevant case law] in rendering its decision, which is all our review requires").

The record belies Medina–Priaz's contention that the BIA violated due process by failing to address his due process claim.

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).